UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTIAN WRIGHT,

    *Plaintiff*,

v.

SHEEHY FORD OF MARLOW HEIGHTS, INC.,

    *Defendant*.

Civil Action No. 19-2365 (TJK)

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sheehy Ford's Motion to Dismiss for lack of personal jurisdiction and improper venue. For the reasons explained below, the Court agrees that it lacks personal jurisdiction, and therefore need not decide whether venue lies here. But instead of dismissing the case, it will transfer it to the District of Maryland—where personal jurisdiction and venue are proper—because doing so is in the interest of justice.

**I.**    **Background**

Christian Wright sued her former employer, Sheehy Ford of Marlow Heights, Inc., in the Superior Court of the District of Columbia in July 2019. *See* ECF No. 1-1 ("Compl."). Wright alleges that Sheehy Ford discriminated against her because of her disability in violation of the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), and the Maryland State Employment Discrimination Act. *Id.* ¶¶ 5, 34–63. Shortly after the case began, Sheehy Ford removed it to this Court. ECF No. 1. Sheehy Ford then moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), arguing that personal jurisdiction and venue were improper. ECF No. 8 ("MTD"). Wright opposed the motion, arguing that even if Sheehy Ford were correct, transfer rather than dismissal would be the appropriate remedy. ECF

No. 9 ("Opp'n") at 2, 11–13.  Sheehy Ford replied, maintaining that dismissal was warranted. ECF No. 10 ("Reply") at 6–7.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(2) tests whether the Court may exercise personal jurisdiction over the defendant.  The plaintiff bears "the burden of establishing a factual basis for the exercise of personal jurisdiction."  *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990).  The D.C. Circuit has held that absent jurisdictional discovery or an evidentiary hearing on jurisdiction, a plaintiff can carry her burden by making "a *prima facie* showing" of personal jurisdiction.  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (citation omitted).  To do so, a plaintiff need not "adduce evidence that meets the standards of admissibility reserved for summary judgment and trial."  *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010).  Instead, "she may rest her arguments on the pleadings," bolstered by affidavits and other written materials.  *Id.*  That said, she "cannot rest on bare allegations or conclusory statements." *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998).  Rather, she "must allege specific facts connecting each defendant with the forum."  *Id.*

Since the parties have not taken jurisdictional discovery or requested an evidentiary hearing, the Court "must resolve factual disputes in favor of the plaintiff."  *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017) (internal citations omitted).  Yet it "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts."  *Id.*  Additionally, the Court "may receive and weigh affidavits and any other relevant matter to assist it in

determining the jurisdictional facts." *Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017).[1]

## III. Analysis

### A. Personal Jurisdiction

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) (cleaned up). Personal jurisdiction comes in two flavors: general and specific. General jurisdiction allows the Court to hear any claim against the defendant, no matter where it arises. *See Livnat*, 82 F. Supp. 3d at 25. Specific jurisdiction, by contrast, allows the Court to hear only those claims that "arise[] out of or relate[] to the defendant's contacts with the forum." *Geier v. Conway, Homer & Chin-Caplan, P.C.*, 983 F. Supp. 2d 22, 31 (D.D.C. 2013). In either case, District of Columbia law must provide a statutory basis for personal jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A)[2]; *see also Bradley v. DeWine*, 55 F. Supp. 3d 31, 39 (D.D.C. 2014).

---

[1] Because the Court holds that it lacks personal jurisdiction over Sheehy Ford, it need not determine whether venue is proper. *Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 18 n.10 (D.D.C. 2014).

[2] Neither party argues that any other avenue for establishing personal jurisdiction under the Federal Rules of Civil Procedure applies here. For example, Rule 4(k)(1)(c) allows a court to exercise personal jurisdiction when service of a summons is specifically authorized by a federal statute. Wright asserts claims under the ADA and FMLA, *see* Compl. ¶ 5, but neither statute authorizes nationwide service of process. *See Cuff v. Trans States Holdings, Inc.*, No. 10 C 1349, 2010 WL 2698299, at *2 (N.D. Ill. July 8, 2010) (noting that "the FMLA does not provide for nationwide service of process so Rule 4(k)(1)(c) does not apply"); *Bassett v. Sinterloy Corp.*, No. 01 C 3141, 2002 WL 1888477, at *2 (N.D. Ill. Aug. 15, 2002) (noting that "the ADA does not provide for nationwide service of process"). Similarly, Rule 4(k)(2) allows personal jurisdiction if, *inter alia*, no state court of general jurisdiction could exercise personal jurisdiction over the defendant. But because the parties agree that Sheehy Ford's principal place of business is in Maryland, Rule 4(k)(2) does not apply. *See* Md. Code Ann., Cts. & Jud. Proc. § 6-102(a); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("With respect to a corporation,

Although Wright initially alleged that the Court could assert *specific* personal jurisdiction over Sheehy Ford, *see* Compl. ¶ 9 (citing D.C. Code § 13-423(a)(4)), she subsequently abandoned that position, *see* Opp'n at 2 ("The Plaintiff does not contest [Defendant's] contention that the District of Columbia lacks specific personal jurisdiction over Sheehy in this case."). The Court thus need not consider whether *specific* personal jurisdiction exists.[3] The Court can only hear Wright's case if it can assert general personal jurisdiction over Sheehy Ford.

Two District of Columbia statutes confer general personal jurisdiction: D.C. Code § 13-422 and D.C. Code § 13-334. The first provision authorizes "personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Sheehy Ford contends—and Wright does not contest—that it is domiciled in Maryland, organized under Delaware law, and maintains its principal place of business in Maryland. MTD at 1. As a result, personal jurisdiction cannot rest on § 13-422.

---

the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'") (citation omitted).

[3] *See Toumazou v. Turkish Republic of N. Cyprus*, No. 14 7170, 2016 U.S. App. LEXIS 787, at *3 (D.C. Cir. 2016) (per curiam) ("Because the plaintiffs also expressly conceded in their brief before this court that there is no basis for general personal jurisdiction, we do not consider that issue."); *Simon v. Republic of Hung.*, 37 F. Supp. 3d 381, 426 (D.D.C. 2014) ("The plaintiffs concede that no specific jurisdiction over Defendant [corporation] is present and, thus, rely on the exercise of general jurisdiction"), *aff'd in part, rev'd in part on other grounds*, 812 F.3d 127 (D.C. Cir. 2016); *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 112–13 (D.D.C. 2011) ("The plaintiff effectively concedes that general jurisdiction is not proper in her opposition to [the Defendant's] motion by arguing only that the Court should exercise jurisdiction pursuant to the District of Columbia's long arm statute. Consequently, if personal jurisdiction over [the Defendant] exists, it must be based on defendant['s] [] specific contacts with the District of Columbia.").

4

The second authorizes personal jurisdiction over a foreign corporation "doing business" in the District of Columbia. D.C. Code § 13-334(a); *see also Rundquist*, 798 F. Supp. 2d at 111, 111 n.7. Even so, as Sheehy Ford correctly points out, § 13-334(a) contains a "specific jurisdictional requirement" mandating that service must "be made in the District of Columbia." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (quoting *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C. 1993)). As a result, "a plaintiff who serves [a] corporation by mail outside the District is 'foreclosed from benefitting from [§ 13-334(a)'s] jurisdictional protection.'" *Id.*[4] Here, service was effectuated by mail upon Sheehy Ford's agent in Maryland. *See* Compl. at 1 (specifying in the caption that service will be made on Business Filings International Inc., located in Maryland); ECF No. 10-1 (reflecting that service was so effected). Thus, this Court cannot exercise general personal jurisdiction over Sheehy Ford under § 13-334(a). *Rossmann v. Chase Home Fin., LLC*, 772 F. Supp. 2d 169, 172 (D.D.C. 2011) ("Regardless of whether defendants were 'doing business in the District,' plaintiff may not invoke Section 13-334(a) as the basis for personal jurisdiction against a foreign corporation unless the corporation has been served within the District of Columbia.").[5]

---

[4] This service requirement is not supplanted by Rule 4(c)(4) of the D.C. Superior Court Rules of Civil Procedure, which "appear[s] to permit service upon corporations by mail." *Gorman*, 293 F.3d at 510.

[5] Wright argues that the Court should allow jurisdictional discovery if it finds personal jurisdiction wanting. Opp'n at 2–3. "Jurisdictional discovery is justified if a party makes a 'detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce.'" *Bigelow v. Garrett*, 299 F. Supp. 3d 34, 47 (D.D.C. 2018) (citation omitted). Wright argues that limited discovery would show Sheehy Ford's extensive contacts with the District of Columbia. Opp'n at 2–3, 6–7, 9. But even if that is correct, evidence of such contacts would do nothing to cure the service-related defect from which her claim of personal jurisdiction suffers. Thus, the Court denies her request for jurisdictional discovery. *See Bigelow v. Garrett*, 299 F. Supp. 3d 34, 47–48 (D.D.C. 2018) (denying a request for jurisdictional discovery where the information sought would not help a plaintiff establish personal jurisdiction).

### B. Transfer

Rather than dismissing her case, Wright asks the Court to transfer it to the District of Maryland. She explains that her ADA claims would become time barred were the Court to dismiss them. Opp'n at 2, 12.

When presented with a case in which *venue* is improper, 28 U.S.C. § 1406(a) instructs district courts to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision between the two is committed to the sound discretion of the court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).[6] The interest of justice, however, generally requires transfer rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *Braun v. United States DOI*, 288 F. Supp. 3d 293, 299 (D.D.C. 2018). Although the text of § 1406(a) addresses situations in which venue is improper, the D.C. Circuit has explained that it also applies when transfer would remove one of several "procedural obstacles," including "lack of personal jurisdiction." *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983); *see also Naartex*, 722 F.2d at 789; *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 282 (D.D.C. 2015).[7]

---

[6] This Circuit's precedent also requires the Court to determine that a potential transferee court would have personal jurisdiction over all defendants. *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 410 (D.D.C. 2017); *see also Coltrane v. Lappin*, 885 F. Supp. 2d 228, 235 (D.D.C. 2012) (citing *Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981)).

[7] Even if this were not the case, the Court would still possess the power to transfer this case pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 112 n.4 (D.D.C. 2008) ("The law of this Circuit also holds that *sua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court where no party has moved to transfer a case brought in the wrong jurisdiction."). Indeed, the D.C. Circuit has strongly suggested that a district court must *sua sponte* transfer a case over which it lacks personal jurisdiction to a court where jurisdiction would be proper when doing so would be in the interest of justice. *See Hill v. U.S. Air Force*, 795 F.2d 1067, 1070–71 (D.C. Cir. 1986); *see also Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 80 (D.C. Cir. 1985) (observing that

Here, both personal jurisdiction and venue would be proper in the District of Maryland.[8] *See Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62–63 (D.D.C. 2011) (explaining that venue in an ADA action is proper, among other places, where the alleged unlawful employment practice occurred); *Weber v. Gen. Motors Corp.*, No. CIV. JFM-00-1397, 2000 WL 1481647, at *1 (D. Md. Aug. 17, 2000) (citing Md. Code Ann., Cts. & Jud. Proc. § 6-102(a)). Thus, transfer to that district is appropriate if it is in the interest of justice.

The Court has little trouble concluding that transfer of this case to the District of Maryland is in the interest of justice. As discussed above, Wright alleges—and Sheehy Ford does not contest—that her ADA claims would be time-barred if the Court dismissed them. In *Sinclair*, the D.C. Circuit reversed a district court that refused to transfer a case after finding it lacked personal jurisdiction. 711 F.2d at 293 n.2. The *Sinclair* court emphasized that transfer was "particularly appropriate" because "without a transfer the cause of action would be barred by the running of the applicable statute of limitations." *Id.* at 294; *see also Freedman*, 139 F. Supp. 3d at 284 (applying *Sinclair* to transfer where dismissal for lack of personal jurisdiction would render claims time-barred). Similarly, transfer is appropriate here.[9]

---

"[u]nder 28 U.S.C. § 1631 (1982), where a court finds that it lacks jurisdiction, it must transfer such action to the proper court, if such transfer is in the interest of justice").

[8] Although Sheehy Ford seeks outright dismissal, it does not appear to contest that personal jurisdiction and venue would be proper in the District of Maryland. *See* MTD at 3–5, 6 n.1; Reply at 1–3, 5, 7, 7 n.1. Nor does Wright. *See* Opp'n at 2, 4, 9, 11–12.

[9] Sheehy Ford argues, citing several cases that are not binding on the Court, that dismissal is warranted because Wright must have known that Maryland was the proper forum for her claims. MTD at 5–6; Reply at 6–7. But at least one court in this District has explicitly rejected substantially the same argument. *See Freedman*, 139 F. Supp. 3d at 284–85 (rebuffing the argument that transfer was inappropriate because the plaintiff "knew or should have known that [she] filed suit in the wrong jurisdiction" (alteration in original) (citation omitted)). This Court similarly finds this argument unpersuasive given the relevant case law explained above.

## IV. Conclusion and Order

For all the above reasons, Defendant's Motion to Dismiss, ECF No. 8, is **GRANTED IN PART** and **DENIED IN PART**. It is further **ORDERED** that this case is hereby **TRANSFERRED** to the District of Maryland.

    **SO ORDERED**.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: February 28, 2020